**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PATRICK GUILLORY,**

        **Plaintiff,**

 vs.               **9:13-cv-01564
                     (MAD/TWD)**

**NANCY HAYWOOD; MAUREEN BOLL;
TIMOTHY MAHER; MICHAEL GRAZIANO;
J. DOBBS; POTTER; SGT. DONOVAN; and
GOPPERT, Captain,**

        **Defendants.**
_____

**APPEARANCES:**        **OF COUNSEL:**

**PATRICK GUILLORY**
09-B-0714
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**    **LAURA A. SPRAGUE, AAG**
**STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendants


**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision, commenced this action *pro se* under 42 U.S.C. § 1983. *See* Dkt. No. 24. Upon initial review, Plaintiff's complaint was liberally construed to assert the following causes of action: (1) denial of access to the courts in violation of the First Amendment and in retaliation for his litigation and complaints; (2) interference with Plaintiff's outgoing legal mail in violation of

the First Amendment and in retaliation for his litigation and complaints; (3) search of his cell and confiscation of his property in retaliation for his litigation and complaints; and (4) denial of equal protection in violation of the Fourteenth Amendment. *See* Dkt. No. 11 at 6. The Court dismissed Plaintiff's claims for money damages brought against Defendants in their official capacities and also dismissed Plaintiff's equal protection claim as conclusory. *See id.* Thereafter, Plaintiff was granted leave to amend his complaint to substitute Defendants Donovan and Goppert for Defendants John Doe Number 1 and John Doe Number 2. *See* Dkt. No. 23.

On April 30, 2014, Defendants filed a motion to dismiss. *See* Dkt. No. 37. In a December 11, 2014 Order and Report-Recommendation, Magistrate Judge Dancks recommended that the Court grant in part and deny in part Defendants' motion. *See* Dkt. No. 48. Specifically, Magistrate Judge Dancks recommended that the Court dismiss the following claims: (1) First Amendment denial of access to courts, interference with legal mail, improper opening of legal mail, and retaliation claims against Defendants Maher, Dobbs, and Goppert for failure to exhaust; (2) First Amendment denial of access to courts claim against Defendants Potter and Graziano for failure to state a claim; (3) First Amendment retaliation claim against Defendant Potter arising out of the destruction of the microwave oven in Plaintiff's housing unit; (4) First Amendment claim for retaliation against Defendant Graziano for failure to state a claim; (5) supervisory liability claim against Defendant Graziano for failure to state a claim; (6) supervisory liability claims against Defendant Haywood for failure to state a claim; (7) supervisory liability claims against Defendant Boll for generally failing to remedy wrongs, creating and allowing to continue customs and policies under which under which constitutional practices occur, and failure to supervise and monitor subordinates for failure to state a claim; (8) supervisory liability claim against Defendant Boll in connection with Plaintiff's denial of access to court claims against Defendants Potter and

Graziano relating to the May 6, 2013, law library incident for failure to state a claim; (9) supervisory liability claim against Defendant Boll with regard to Plaintiff's denial of access to court, interference with legal mail, and improper opening of legal mail claims against Defendants Maher, Dobbs, and Goppert in connection with the amended complaint withheld from mailing to the court, for failure to state a claim; and (10) retaliation claims against Defendants Haywood and Boll for failure to state a claim. *See* Dkt. No. 48 at 42-43. Further, the report recommended that the Court deny Defendants' motion as to the following claims: (1) Plaintiff's retaliation claim against Defendant Potter arising out of the May 6, 2013, law library incident; (2) Plaintiff's retaliation claim against Defendant Donovan with regard to taking Plaintiff's legal papers and kosher food; and (3) Plaintiff's supervisory liability claim against Defendant Boll with regard to Plaintiff's retaliation claim against Defendant Potter regarding the May 6, 2013, law library incident. *See id.* Finally, Magistrate Judge Dancks recommended that the Court grant Plaintiff leave to amend with regard to all of the claims dismissed without prejudice for failure to exhaust his administrative remedies. *See id.* Neither party objected to the Order and Report-Recommendation.[1]

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same

---

[1] On January 9, 2015, the Court received a submission entitled "Plaintiff's Letter Motion to Correct the Record and Response to Magistrate Judge Dancks' December 11, 2014 Report and Recommendation." Dkt. No. 49. In the submission, Plaintiff states that he is "not filing any objections to [the Order and Report-Recommendation]," but then states that he finds it necessary to "clarify a few facts in the interest of justice." *Id.* at 2-3. The Court has reviewed this document and has taken into consideration the clarifications that Plaintiff has provided.

3

arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure). *See* Dkt. No. 42.

When considering a Rule 12(b)(6) motion, the court accepts the material facts alleged in the complaint as true, drawing all inferences in favor of the non-moving party. *See, e.g.*, *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003) (citing *Patel v. Contemporary Classics of Beverley Hills*, 259 F.3d 123, 126 (2d Cir. 2001)). The court is not bound, however, to accept as true legal conclusions with the appearance of factual statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

4

The moving party has the heavy burden of showing that the plaintiff is not "entitled to offer evidence in support [his] claims." *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (citations omitted). Thus, the court should only dismiss a 12(b)(6) motion where the plaintiff provides no "plausible" basis to support his claims. *See Twombly*, 550 U.S. at 556-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

When a party proceeds *pro se*, the court must liberally construe his pleadings, holding them to a standard less stringent than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If a *pro se* plaintiff's complaint alleges civil rights violations, the court must construe his pleadings with "particular generosity." *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (quoting *Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002)). Further, when a *pro se* plaintiff faces a motion to dismiss, the court may consider "materials outside the complaint to the extent they are consistent with the allegations in the complaint." *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004).

Having reviewed the thorough and well-reasoned Order and Report-Recommendation and the parties submissions, the Court finds that Magistrate Judge Dancks correctly determined that the Court should grant in part and deny in part Defendants' motion to dismiss the amended complaint. Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 37) is **GRANTED in part and DENIED in part** as set forth herein; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 21, 2015
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge